932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Alberto FERNANDEZ, Defendant-Appellant.
 No. 90-5730.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1991.
Decided May 15, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-90-165-WS)
 David B. Freedman, White and Crumpler, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jose Alberto Fernandez appeals his conviction for conspiracy to possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B), and 846. On appeal he challenges the voluntariness of a confession and the sufficiency of evidence to convict. We affirm.
 
 
 2
 On April 26, 1990, Winston-Salem police officers stopped a vehicle because its headlights were not working. Fernandez was one of three occupants of the car. A search revealed a hidden compartment in the car's trunk. The compartment contained crack. A subsequent search of Fernandez yielded $960 in cash.
 
 
 3
 Following his arrest, Fernandez was interviewed by Detective Mike Flowe, who testified that Fernandez advised him that he and the car's occupants had been using the car to distribute crack to street dealers in Winston-Salem. A hearing on the voluntariness of the confession then took place outside the presence of the jury. Flowe testified that he was fluent in Spanish, that he did not have a waiver of rights form available when he questioned Fernandez, and that he gave Fernandez his Miranda rights, from memory, in Spanish. Flowe also said that Fernandez claimed to understand his rights and said that he wished to speak with Flowe without an attorney present. The district court found that Flowe properly advised Fernandez of his rights and that Fernandez understood his rights, which he voluntarily waived.
 
 
 4
 On appeal, Fernandez argues that the totality of the circumstances reveals that his confession was involuntary and should have been suppressed. We note initially that "the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous." United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir.1987), cert. denied, 486 U.S. 1010 (1988). The district court's finding that Flowe gave Fernandez his Miranda rights as Flowe said he did was not clearly erroneous. Having established that the rights were given to Fernandez, the question becomes whether the finding that he waived his rights was clearly erroneous. United States v. Gordon, 895 F.2d 932, 938 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990). This, of course, is the finding that Fernandez challenges on appeal.
 
 
 5
 We find unpersuasive the points raised in support of his position that he did not waive his rights. His limited knowledge of the English language might be relevant had he been given his rights in English. However, Flowe advised Fernandez of his rights in Spanish. "[W]hen a defendant is advised of his rights in his native tongue and claims to understand such rights, a valid waiver may be effectuated." United States v. Hernandez, 913 F.2d 1506, 1510 (10th Cir.1990), cert. denied, 59 U.S.L.W. 3599 (U.S.1991).
 
 
 6
 Fernandez argues that because he requested counsel at a second interview, more than 24 hours after the first, the district court's finding that he made no such request at the first interview was erroneous. This is not a compelling argument. It could be that after he had time to reflect on his earlier statement, Fernandez changed his mind about the wisdom of speaking to a police officer without having an attorney present.
 
 
 7
 Finally, the absence of a waiver of rights form is immaterial, as oral warnings were given. Having such a form is preferable; however, the absence of such a form does not mean that a valid waiver did not occur. See United States v. Hawkins, 823 F.2d 1020, 1022 (7th Cir.1987); United States v. Ervin, 778 F.2d 722, 728 (11th Cir.1985); North Carolina v. Butler, 441 U.S. 369, 375-76 (1979).[1]
 
 
 8
 The district court concluded that a valid waiver had taken place. Based on Flowe's testimony and the absence of any compelling evidence to the contrary, we find that this conclusion was not clearly erroneous.
 
 
 9
 Fernandez virtually concedes that if we find that the confession was voluntary and properly admitted, his claim of insufficient evidence fails. We find that there was sufficient evidence to convict Fernandez, based on his statement to Flowe, the presence of crack in the trunk of the car in which Fernandez was riding when stopped, and his having close to $1000 on his person when arrested.
 
 
 10
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Fernandez also argues that his inaccessibility to the hidden compartment and his explanation for having almost $1000 on his person at the time of arrest are evidence that his confession was involuntary. We do not see the relevance of these factors to the voluntariness issue. Rather, these matters go to sufficiency of the evidence and witness credibility